IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00111-SBP

I.L., *on behalf of* I.R.M.L.,[1]

    Plaintiff,

v.

LELAND DUDEK,[2] Commissioner of Social Security,

    Defendant.

---

## OPINION AND ORDER

---

**Susan Prose, United States Magistrate Judge**

    Plaintiff I.L. brings this action on behalf of her minor child, I.R.M.L.,[3] under Title XVI, 42 U.S.C. §§ 401 *et seq.*, of the Social Security Act (the "Act") for review of the Commissioner of Social Security's (the "Commissioner") final administrative decision denying her claim for child supplemental security income ("SSI"). The court has carefully considered the administrative record, ECF No. 9 ("AR")[4], Plaintiff's brief, ECF No. 12 ("Brief"), the Commissioner's response, ECF No. 13 ("Response"), Plaintiff's reply, ECF No. 15 ("Reply"),

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] Leland Dudek is now the acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See* 42 U.S.C. § 405(g) (an action survives regardless of any change in the person occupying the office of the Commissioner of Social Security).

[3] For readability, the court will refer to I.R.M.L. as "Plaintiff."

[4] The court uses "ECF No. ---" to refer to specific docket entries in CM/ECF and uses "AR: ---" to refer to documents in the administrative record.

1

and the applicable law. No hearing is necessary.

Because the Administrative Law Judge ("ALJ") applied the correct legal standards and substantial evidence supports his findings and the Commissioner's final decision, the court **AFFIRMS**.

## BACKGROUND

Plaintiff filed an application for SSI with a protected filing date of June 29, 2021. AR: 192-201. This claim was denied both initially and on reconsideration. AR: 110-14, 119-21. He timely filed a Request for Hearing, AR: 122, and a hearing was held on August 22, 2023. AR: 42-79. The ALJ issued an unfavorable decision for Plaintiff on September 26, 2023. AR: 14-41. The Appeals Council declined to review the case on November 22, 2023, rendering the ALJ's decision as the final decision of the Commissioner of Social Security. AR: 1-6.

## SSI FRAMEWORK FOR MINOR CLAIMANTS

A person under the age of 18 is considered "disabled" if the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

There is an established "three-step process for assessing whether a child is disabled under this definition." *Panas ex rel. M.E.M. v. Comm'r, SSA*, 775 F. App'x 430, 434 (10th Cir. 2019). The three steps require the following determinations:

1. Whether the child has engaged in substantial gainful activity;

2. Whether the child has an impairment or combination of impairments that is severe; and

3. Whether the child's impairment meets or functionally equals an impairment listed in

Appendix 1, Subpart P of 20 C.F.R. Part 404. *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (citing 20 C.F.R. § 416.924(a)). If an ALJ determines at step one that the minor is engaged in substantial gainful activity, or decides at step two that the minor's impairments are not severe, then the ALJ "will determine that [the claimant is] not disabled and not review [the] claim further." § 416.924(a).

If the ALJ finds at step three that the minor's impairments do not meet or medically equal a listed impairment, the ALJ must still assess "whether the impairment is functionally equivalent to a listing." *Leyba ex rel. C.J.L. v. Astrue*, 803 F. Supp. 2d 1259, 1262 (D. Colo. 2011) (citing § 416.926a(a)). This requires the ALJ to "analyze the impairment's severity in six age-appropriate domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014) (citing § 416.926a(b)(1)). An impairment is functionally equivalent to a listed impairment if it results in a "marked" limitation in two of the six domains or an "extreme" limitation in one domain. § 416.926a(d). A "marked" limitation exists when the child's impairments "interfere[ ] seriously with [the child's] ability to independently initiate, sustain, or complete activities." § 416.926a(e)(2)(i).

## ALJ'S DECISION

As relevant here, the ALJ found at step two that Plaintiff had impairments that qualified as "severe" under the agency's regulations, including attention deficit hyperactivity disorder ("ADHD"), adjustment disorder with anxiety, other specified anxiety disorders, and migraine headaches. AR: 20. At step three, the ALJ found that these impairments did not meet or

medically equal a listing or functionally equal the severity of a listing. AR: 21, 22. In reaching that finding, the ALJ determined Plaintiff did not experience any marked or extreme limitations in any of the childhood disability domains. AR: 26-35. The ALJ thus concluded that Plaintiff was not disabled under the Act. AR: 35.

## STANDARD OF REVIEW

In reviewing the Commissioner's decision, the court "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Knight*, 756 F.3d at 1175. "The phrase 'substantial evidence' is a 'term of art,' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek*, 587 U.S. at 102 (quoting *T-Mobile South, LLC v. Roswell*, 574 U.S. 293, 301 (2015)). In applying the substantial-evidence standard,

> a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contacts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Id.* at 102-103 (cleaned up); *see also Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) ("Substantial evidence requires more than a scintilla but less than a preponderance.") (quoting *U.S. Cellular Tel., L.L.C., v. City of Broken Arrow, Okla.*, 340 F.3d 1122, 1133 (10th Cir. 2003)). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Zoltanski*, 372 F.3d at 1200 (quoting *U.S. Cellular*, 340 F.3d at 1133).

The court "may neither reweigh the evidence nor substitute [its] judgment for that of the

4

agency." *Knight*, 756 F.3d at 1175 (citation omitted); *see also Zoltanski*, 372 F.3d at 1200 (the court may not displace the Commissioner's choice between two fairly conflicting views, even if the court would have made a different choice if the matter had been before it de novo). Even so, this court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). "A reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Garland v. Dai*, 593 U.S. 357, 369 (2021) (cleaned up).

In addition, this court's review is guided by the harmless error doctrine, which the Tenth Circuit Court of Appeals applies to social security disability cases. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). A court "may apply harmless error in the social security context 'where, based on material the ALJ did at least consider (just not properly), [it] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Armijo v. Astrue*, 385 F. App'x 789, 792 (10th Cir. 2010) (quoting *Allen*, 357 F.3d at 1145).

## ANALYSIS

Plaintiff argues that the ALJ erred at step three by finding that Plaintiff had less than marked limitations in each of the six functional domains. *See* Brief at 12. Specifically, Plaintiff maintains that he has at least two marked impairments in: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; and (4) caring for himself. *Id.* at 12-22. The court takes each domain in turn.

I.  **Acquiring and Using Information**

The domain of acquiring and using information considers how well a child acquires or learns information, and how well the child uses the information he learned. § 416.926a(g). A school-age child like Plaintiff "should be able to learn to read, write, and do math, and discuss history and science." § 416.926a(g)(2)(iv). "Poor grades or inconsistent academic performance are among the more obvious indicators of a limitation in" this domain. Social Security Rule ("SSR") 09-3p, 2009 WL 396025, at *3 (Feb. 17, 2009). However, this domain "considers more than just assessments of cognitive ability as measured by intelligence tests, academic achievement instruments, or grades in school." *Id.* at *2. "The kind, level, and frequency of special education, related services, or other accommodations a child receives can provide helpful information about the severity of the child's impairment(s)." *Id.* at *3.

The ALJ concluded that Plaintiff had a less-than-marked limitation in this domain. First, the ALJ cited Plaintiff's improved IQ test scores. In April 2021, Plaintiff scored 82 on the Wechsler Intelligence Scales for Children (WISC), but by December 2022, he had improved to a score of 99. AR: 27. The ALJ noted as well that Plaintiff was in regular classes 80 percent of the time, and showed good progress after starting ADHD medication. AR: 27. In December 2022, one of Plaintiff's teachers reported that he had displayed "tremendous" academic growth. AR: 27. At the same time, the ALJ acknowledged that Plaintiff still struggled academically and that his standardized test scores remained below average. AR: 27. The ALJ also discussed medical opinions regarding Plaintiff's limitations. The ALJ found persuasive the opinions of Dr. Winfrey, Hanze, and Leidal, who each found that Plaintiff did not experience a marked limitation in acquiring and using information. AR: 33-34. While another doctor opined that Plaintiff did

have a marked limitation in this area, the ALJ explained why that particular opinion was not persuasive, reasoning that it was not consistent with the evidence described above. AR: 34.

Plaintiff argues, however, that the ALJ lacked substantial evidence to support his conclusion that Plaintiff does not have a marked limitation in acquiring and using information. The court disagrees. The ALJ engaged in an extensive analysis of the evidence in the record and cited relevant evidence supporting his conclusion. And crucially, Plaintiff has not challenged the ALJ's evaluation and reliance on the opinions of the medical consultants in this case. *See generally* Brief; *see also Nichols v. Comm'r of Soc. Sec. Admin.*, 260 F. Supp. 2d 1057, 1069 (D. Kan. 2003) ("A medical advisor's opinion may be substantial evidence when it is supported by other evidence in the record or when it is consistent with the other evidence.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)).

Plaintiff instead highlights evidence he views as indicating a marked limitation. *See* Brief at 15-16. But whether Plaintiff can cite evidence that may support a contrary conclusion, and whether that evidence could support contrary findings, is not relevant to this court's review. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.") (quotation omitted); *see also White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) ("We may neither reweigh the evidence nor substitute our judgment for the Commissioner's.") (cleaned up), *as amended on denial of reh'g* (Apr. 5, 2002); *Teresa V. N. v. Saul*, 421 F. Supp. 3d 1179, 1181 (N.D. Okla. 2019) ("Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence.") (citing *White*, 287 F.3d at 908). This is especially true when the ALJ acknowledged

much of the evidence suggesting Plaintiff's academic and intellectual struggles that Plaintiff highlights in his Brief.[5] *See* AR: 27.

Ultimately, the court finds that the improved test scores, teacher's report, and medical opinions cited by the ALJ are more than sufficient for this court to find substantial evidence supporting the conclusion that Plaintiff did not have a marked limitation in acquiring and using information.

## II.   Attending and Completing Tasks

The domain of attending and completing tasks considers how well a child is able to focus and maintain attention and how well he begins, carries through, and finishes his activities, including the pace at which he performs activities and the ease with which he changes them. § 416.926a(h); SSR 09-4p, 2009 WL 396033, at *2 (Feb. 18, 2009). A school-age child should be able to focus his attention in a variety of situations in order to follow directions, remember and organize his school materials, and complete classroom and homework assignments. § 416.926a(h)(2)(iv). He should be able to

> (1) concentrate on details and not make careless mistakes in his work (beyond what would be expected of other children his age);
> (2) to change his activities or routines without distracting himself or others;
> (3) stay on task and in place when appropriate;
> (4) sustain his attention well enough to participate in group sports, read by himself, and complete family chores; and
> (5) complete a transition task (e.g., be ready for the school bus, change clothes after

---

[5] And for this reason, the court finds Plaintiff's claim that the ALJ "cherrypicked" the record to find evidence favorable to his decision while omitting relevant contrary evidence, *see* Brief at 12, is not well taken. *See K.K. v. Kijakazi*, No. 20-cv-02040-DDD, 2022 WL 819540, at *7 (D. Colo. Mar. 18, 2022) (noting that this type of argument "'is seldom successful because crediting it would require a court to re-weigh record evidence'") (quoting *DeLong v. Comm'r*, 748 F.3d 723, 726 (6th Cir. 2014)).

gym, change classrooms) without extra reminders and accommodations. § 416.926a(h)(2)(iv); SSR 09-4p, 2009 WL 396033, at *5.

Here, the ALJ addressed Plaintiff's ADHD diagnosis and described Plaintiff's struggles with maintaining attention, concentration, and focus without medication. AR: 28. But the ALJ highlighted that Plaintiff saw improvement in these areas after beginning medication. AR: 28. The ALJ further noted that notes from consultative evaluations described Plaintiff as alert and oriented and recorded that he demonstrated appropriate behavior for his age, had normal responses to stimuli, and showed fair attention and concentration when receiving directions and performing tasks. AR: 28. There were times during one of these exams when Plaintiff had varying levels of concentration, but he was able to maintain attention when given breaks. AR: 28. The ALJ noted, too, that Plaintiff's teachers reported that he could follow written directions and a routine, and one indicated that Plaintiff responded well to redirection. AR: 28. Furthermore, of the providers or consultants that explicitly offered an opinion on this domain, each concluded that Plaintiff did not have a marked limitation. AR: 33-34.

Again, though, Plaintiff claims that this evidence is not sufficient for the court to uphold the ALJ's decision. And again, Plaintiff merely argues that there is contravening evidence in the record that renders the ALJ's evidence unpersuasive. Brief at 17-18 (arguing that "[t]his conclusion was contrary to the evidence in the record[,]" and "[t]his evidence combined with the two abovementioned teacher questionnaires established that the ALJ erred when he failed to find that Plaintiff had a marked limitation in this functional domain"). As the court has already pointed out, it need only determine whether the evidence cited by the ALJ qualifies as substantial evidence. And "whatever the meaning of 'substantial' in other contexts, the threshold for such

9

evidentiary sufficiency is not high." *See Biestek*, 587 U.S. at 103. As before, the court finds that the specific evidence cited by the ALJ, including examination findings, teacher reports, and medical opinions, supply the requisite support to sustain the ALJ's decision that Plaintiff did not have a marked limitation in attending and completing tasks.

### III.     Interacting and Relating with Others

This domain relates to a minor's ability to "initiate and respond to exchanges with other people, and to form and sustain relationships with family members, friends, and others." SSR 09-5P, 2009 WL 396026, at *2 (Feb. 17, 2009). To assess whether the minor claimant is limited in this respect, the ALJ must "consider how well the claimant initiates and sustains emotional connection with others; develops and uses the language of claimant's community; cooperates with others; complies with rules; responds to criticism; and respects and takes care of the possessions of others." *Cayla D. ex rel. K.D.J. v. Saul*, No. 18-cv-00104-GKF-JFJ, 2019 WL 5847881, at *3 (N.D. Okla. Sept. 5, 2019) (citing § 416.926a(i)).

The ALJ did not find a marked limitation in this domain, reasoning that Plaintiff's teachers reported that he behaved similarly to a typical child his age. AR: 29. While the teachers described Plaintiff as impulsive and with limited insight into interpersonal dynamics, such as failing to recognize how actions can instigate responses from others, at the same time they also noted that he is liked by others, has "buddies but not very close friends," smiles, jokes, and does not find himself in severe conflicts. AR: 29. One reported that he engages in normal interactions for his age, while another said that Plaintiff was unable to take accountability and comes across as immature. AR: 29. A school psychologist wrote that Plaintiff was sweet and respectful and observed that he is able to distinguish between typical and atypical behavior and seeks attention

10

from his peers. AR: 30. The school psychologist's notes also indicate that Plaintiff displayed pleasant mood, age-appropriate behavior, and normal speech and language. AR: 30. Additionally, Dr. Winfrey and the two consultative psychologists all found that Plaintiff did not have a marked limitation when interacting and relating with others. AR: 34.

Like before, Plaintiff emphasizes evidence in the record, which he says supports greater limitations than those found by the ALJ. However, consistent with the court's analysis above, the teacher's reports and examination notes, as well as the opinions of the medical consultants, constitute substantial evidence supporting the ALJ's finding.

**IV.     Caring for Oneself**

"This domain focuses on the child's personal needs, health and safety." *Knight*, 756 F.3d at 1177-78 (quotation omitted). It includes the ability to regulate one's feelings, thoughts, urges, and intentions; responding to one's circumstances in appropriate ways; making decisions to not endanger oneself; and knowing when to ask for help. § 416.926a(k)(1)(iii)-(iv). Engaging in self-injurious behavior is an example of limited functioning in this domain. § 416.926a(k)(3)(iv).

The ALJ found that Plaintiff did not have a marked limitation in this area. While the ALJ acknowledged that Plaintiff had experienced thoughts of suicide, he also referenced notes from Plaintiff's therapist in December 2022, which described Plaintiff as responding well to working on coping skills and other means of emotional regulation. AR: 32. Plaintiff's anxiety, although still present, was described as well managed. AR: 32. The ALJ also described Plaintiff's hobbies, such as playing video games, riding bikes, going to the park, and playing with friends. AR: 32. Notably, too, the medical opinions suggested that Plaintiff did not have a marked limitation in caring for himself. AR: 33-34.

Once again, Plaintiff wishes to highlight evidence favorable to his claim that he is disabled. Consistent with the above analysis, the court concludes that there is substantial evidence supporting the ALJ's determination. Plaintiff also alleges—albeit in a cursory manner—that the ALJ failed to address his migraines. Brief at 19. This argument is unavailing as well. The ALJ did in fact address Plaintiff's migraines when discussing the final functional domain of health and well-being. AR: 32-33. The ALJ concluded that the lack of medical documentation regarding the frequency of Plaintiff's migraines precluded a finding that this limitation caused a marked impairment. AR: 33. Because this explanation allows the court to follow the ALJ's reasoning, the court does not find reversible error in the ALJ's not addressing Plaintiff's migraines when evaluating whether Plaintiff has a marked limitation in the domain of caring for oneself.

Because there is substantial evidence to support the ALJ's conclusion, the court must uphold the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the court respectfully finds that the Commissioner's final decision is supported by substantial evidence in the administrative record and applies the correct legal standards. Accordingly, the court finds no grounds warranting reversal or remand and therefore **AFFIRMS** the ALJ's determination that Plaintiff is not disabled. The Clerk of Court shall enter judgment in the Commissioner's favor and close this civil action.

DATED: March 24, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge